# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

SHANNON MCCALL, *on behalf of*, )
TAMARA MCCALL, )
                          Plaintiff, )
                              v. )      No. 2:17-CV-04005-WJE
ANDREW M. SAUL, )
Commissioner of Social Security, )
                         Defendant. )

## ORDER

On April 7, 2021, Timothy Harlan, Counsel for Plaintiff Shannon McCall,[1] filed a motion for attorney fees pursuant to 42 USC § 406(b). (Doc. 42). The Commissioner has responded and does not object. (Doc. 44). Counsel's motion for attorney fees is granted as follows.

## I. Background

This matter arises from Plaintiff's application for Disability Insurance Benefits (DIB) originally filed on March 19, 2007. (AR 36). The case has been before the Court on three occasions—in 2009, 2012, and 2017—following denials by an Administrative Law Judge. (*See* Case Numbers 2:09-cv-04245-ODS, 2:12-cv-04277-MJW, 2:17-cv-04005-WJE). On each occasion, the Court remanded the case to the Commissioner. (*See* 2:09-cv-04245-ODS, Doc. 20; 2:12-cv-04277-MJW, Doc. 26; 2:17-cv-04005-WJE, Doc. 37). In remanding the case for the third time, the Court ordered the Commissioner to award benefits to Plaintiff because "the record 'overwhelmingly support[ed]' a finding of disability." (2:17-cv-04005-WJE, Doc. 37). The Commissioner awarded Plaintiff approximately $161,319.00, which included the cash award made to Plaintiff on behalf of Ms. McCall, the amount withheld as an attorney's fee, and benefits paid to Plaintiff's children. (*See* Doc. 42-1).

Before seeking judicial review of her first administrative denial, Plaintiff retained Timothy Harlan as counsel. (Doc. 42-4). Mr. Harlan and Plaintiff entered into a contingent fee agreement.

---

[1] Shannon McCall serves as the plaintiff on behalf of Tamara McCall, who is deceased. (Doc. 42-3.)

*Id.* Under the terms of the agreement, Mr. Harlan would receive 25 percent of any past due benefits. *Id.* Mr. Harlan continued to represent Plaintiff through the third remand and ultimate award of benefits. The contingent fee arrangement, based on a payment of 25 percent of past due benefits received, was reiterated in the contract executed before Plaintiff filed each of the three cases in federal court. *Id.*

The Court previously awarded Counsel $16,575.94 in attorney fees, pursuant to the EAJA. (*See* 2:09-cv-04245-ODS, Doc. 24; 2:12-cv-04277-MJW, Doc. 30; 2:17-cv-04005-WJE, Doc. 41). However, due to a past due debt Plaintiff owed to the federal government, Mr. Harlan received only $9,163.39. (Doc. 42). Counsel received an additional $11,903.00 for work performed before the Social Security Administration. (Doc. 42-12). Mr. Harlan now requests that the Court enter an Order requiring the Commissioner to pay him the remaining $20,917.25 that was withheld from Plaintiff's back benefits as an attorney's fee, pursuant to 42 U.S.C. § 406(b). (Doc. 42). He also requests that the Court order him to pay $9,163.39 to Plaintiff, which represents the amount Mr. Harlan received as an EAJA award. *Id.* Thereafter, Mr. Harlan would retain a fee of $11,753.86. *Id.*

## II. Legal Standard

The Court may allow "a reasonable fee" for representation when a favorable judgment has been rendered. 42 U.S.C. § 406(b). Said fee may not exceed 25 percent of "past-due benefits to which the claimant is entitled." *Id.* In determining the reasonableness of a fee, the Court must first respect "the primacy of lawful attorney-client fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 793 (2002). The Court must then test the fee for reasonableness based on 1) the quality of representation relative to the results achieved, 2) any delay attributable to the attorney, and 3) the size of the benefit counsel receives compared to the amount of time spent on the case. *See Gisbrecht*, 535 U.S. at 808.

Where a plaintiff was previously awarded attorney fees under the EAJA, counsel must offset any 42 U.S.C. § 406(b) award by refunding the smaller fee. Act of Aug. 5, 1985, Pub.L. 99–80, § 3, 99 Stat. 186; *Gisbrecht*, 535 U.S. at 796.

## III. Discussion

Here, Counsel seeks fees in the amount of $20,917.25, or 25 percent of the past-due benefits minus $11,903.00, for work performed before this Court. For the reasons that follow, the Court finds the requested fees are reasonable.

As an initial matter, Plaintiff's agreement to pay Mr. Harlan 25 percent of the total past-due benefits does not exceed the statutory maximum. Accordingly, the agreement is not unlawful on its face, and the Court next considers whether the fee claimed is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").

The Court notes that Mr. Harlan achieved the optimal result for his client. Despite Plaintiff's claim being denied at three levels of administrative review, Mr. Harlan successfully argued for remand before the District Court on three separate occasions, ultimately resulting in an award of approximately $161,319.00 for Plaintiff and her family. Accordingly, the quality of Mr. Harlan's representation gives the Court no reason to reduce the requested fee.

Likewise, the record does not suggest any unreasonable delay on Mr. Harlan's part. As such, the Court does not impose a reduction for delay.

Finally, the pending fee is not excessive relative to the time spent on work before this Court. To measure whether the counsel's fee is proportional to the time spent working, courts in this District compare the requested fee as though it were an hourly rate divided by 2.8 – meant to represent the statistical likelihood of success – with the normal hourly rate Counsel might receive on a non-contingent basis. *See*, *e.g.*, *Teel v. Colvin*, No. 12–03437–CV–S–DGK–SSA, 2014 WL 4185725, *2 (W.D. Mo. Aug. 22, 2014); *Burton v. Astrue*, No. 07–0231–CV–W–DGK–SSA, 2011 WL 5117655, *1-*2 (W.D. Mo. Oct. 26, 2011); *Whitehead v. Barnhart*, No. 01-0095-CV-SW2SSAECF, 2006 WL 910004, *2 (W.D. Mo. Apr. 7, 2006). Here, Mr. Harlan claims a total of 95 hours of work, which equates to a requested fee of approximately $220.18 per hour ($20,917.25 ÷ 95 = $220.18). If reduced by 2.8, the equivalent hourly rate would be $78.64 per hour. To determine the normal hourly rate, the Court considers that Counsel previously received attorney fees at a rate of $160.21 and $179.32 per hour under the EAJA.[2] When compared to the normal hourly rate Counsel would receive under the EAJA, the equivalent hourly rate is not excessive. Accordingly, the Court will not reduce the requested fee as disproportional.

After considering all the *Gisbrecht* factors, and giving primacy to the contingent fee agreement, the Court concludes the requested fee is reasonable.

THEREFORE, IT IS ORDERED that Counsel is awarded attorney fees under the 42 U.S.C. § 406(b) in the amount of $20,917.25. (Doc. 42). It is further

---

[2] The Court notes that the parties agreed on an EAJA fee of $8,000 for the third case before the District Court.

ORDERED that Counsel shall refund Plaintiff the amount of $9,163.39 previously awarded under the EAJA.

Dated this 21st day of April, 2021, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
United States Magistrate Judge